IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| TAMMIE LOWE, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| FAMILY DOLLAR STORES OF GEORGIA, LLC, and XYZ, INC., | |
| Defendant. | |

## PETITION FOR REMOVAL

TO: The Honorable Judges of the United States District Court for the Northern District of Georgia, Atlanta Division:

COMES NOW Family Dollar Stores of Georgia, LLC, by and through its undersigned counsel, and it hereby files this Petition for Removal and respectfully shows this Court the following:

1.      A civil action has been filed and is now pending in the State Court of Fulton County, State of Georgia, designated as Civil Action File No. 21-EV-001154.

2.      Ms. Tammie Lowe filed her Summons and Complaint on February 23, 2021 against Family Dollar Stores of Georgia, LLC and Eastpoint FD Freestanding, LLC, a Georgia company. Family Dollar was served on March 2, 2021.

3.    Because Ms. Lowe originally sued Eastpoint FD Freestanding, LLC, a Georgia company, there was not complete diversity between the parties. Thus, Family Dollar could not remove the case when served with a copy of the original complaint.

4.    However, Eastpoint FD Freestanding, LLC, the nondiverse defendant, was dismissed without prejudice on May 13, 2021. Family Dollar now files this Petition for Removal timely, within 30 days of the dismissal of the nondiverse defendant.

5.    28 U.S.C. § 1446(c)(3)(A) provides "[i]f the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." A plaintiff's responses to a defendant's requests for admission; interrogatory responses; and medical bills produced by Plaintiff during discovery are all treated as "other paper." See Wilson v. General, 888 F.2d 779 (11th Cir. 1989); Akin v. Ashland Chemical Co., 156 F.3d 1030 (10th 1998); Chapman v. Powermatic, Inc., 969 F.2d 160 (5th 1992).

6.    Plaintiff has filed suit against Family Dollar alleging negligence regarding Plaintiff's personal injury claiming damages for past and future medical expenses along with pain and suffering including fright, shock, and terror, and loss of

the capacity for the enjoyment of life. (Complaint, ¶¶ 27, 28). Specifically, Plaintiff claims at least $50,634.80 in past medical expenses. (Complaint, ¶18). On April 7, 2020, Plaintiff made a settlement demand of $350,634.80. (Attached as Exhibit "E"). The settlement demand explains that Ms. Lowe is claiming knee, left shoulder, hip, and back injuries. The demand further outlined that Ms. Lowe underwent a rotator cuff repair surgery. As a result of this incident, Ms. Lowe is claiming damages for pain and suffering, permanent scaring, anxiety, and stress. This demand clearly exceeds the $75,000.00, exclusive of interest and costs. See Bankhead v. Am. Suzuki Motor Corp., 529 F. Supp. 2d 1329, 1333 (M.D. Ala. 2008) (citing Lowery, 483 F.3d at 1212 n.62).

In Harris v. Bloomin' Brands, Inc., 1:18:-cv-05078-ELR (N.D. Ga. 2019), Judge Ross found that the amount in controversy exceeded the $75,000 jurisdictional minimum even though the plaintiff only alleged $10,985.75 in incurred medical expenses. There the plaintiff alleged she sustained serious injuries to her spine, back, neck, and left knee, and that she will require future medical treatments including injections and that she suffers a reduced earning capacity and permanent impairment.

Another recent case is the case of Johnson v. Blackburn, 2:16-CV-989-KOB, 2016 WL 5816114, at *2 (N.D. Ala. Oct. 5, 2016). There the plaintiff alleged he suffered severe injuries to his head, neck, and back. Based on the plaintiff's allegations, the District Court in Johnson found that using judicial experience and

common sense, it could infer that the complaint meets federal jurisdictional requirements. Id.

The District Courts are permitted to make reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine if a case is removable. Pretka v. Kolter City Plaza II, Inc., 608 F.3d 744 (11th Cir.2010). Put another way, the district court needs not suspend realty or shelve common sense in determining whether the face of a complaint establishes the jurisdictional amount. Id. at 770 (quoting, Roe v. Michelin N. Am., Inc., 637 F.Supp.2d 995, 999 (M.D.Ala.2009)).

In Gebbia v. Wal–Mart Stores, Inc., the Fifth Circuit held that a plaintiff's allegations that her slip and fall resulted in severe physical injury, lost wages, lost enjoyment of life, and pain and suffering comprise a claim worth more than $75,000.00. 233 F.3d 880, 882 (5th Cir.2000). In Sabol v. USAA Casualty Insurance Company, removal was proper where the complaint and demand letter allege extensive damages associated with personal injury, including disc herniations, injections, arthroscopic surgery, and future medical treatment. 2016 WL 733838, *2 (M.D. Fl. Dec. 16, 2016) (emphasis added). In Sabol the plaintiff's incurred expenses only totaled $32,000 and her pre-suit demand was $300,000.00. Id. The plaintiff also alleged lost wages and mental pain and suffering. Id.

Here, Plaintiff has claimed medical expenses exceeding $50,000.00, pain and suffering, and loss of enjoyment of life.  Similar to Gebbia, taking all of Plaintiff allegations, Plaintiff's claim comprises a claim worth more than $75,000.00.

7.    Defendant Family Dollar is now, was at the commencement of this suit, and at all times since been a limited liability corporation organized and existing under the laws of the Virginia. Defendant has one member, which is Family Dollar Stores, Inc., an entity organized under the laws of Delaware and having its principal place of business in Virginia.

8.    Plaintiff is a citizen of Georgia. (Complaint, ¶1). Therefore, the action described above is a civil action with a claim of which this Court has original jurisdiction, and it is one that may be removed to this Court by Defendant pursuant to the provisions of 28 U. S. C. §§ 1332, 1367, and 1441 et seq., in that there is complete diversity among the parties and the Defendant is not a resident of the State of Georgia, the Parties are not residents of the same state, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

9.    The aforementioned Georgia State Court action is a civil action of which this Court has original jurisdiction under the provisions of Title 28 of the United States Code §1332(a) and accordingly, is one which may be removed to this Court by Defendant pursuant to the provisions of Title 28 of the United States Code §1441, in that it is a civil action in which the matter in controversy exceeds the sum

of $75,000.00 exclusive of interests and costs and is between citizens of different states.

10.     Defendant files herewith a copy of all process, pleading, and orders including the Summons and Complaint in this action, pursuant to 28 U.S.C. §1446. (Attached hereto as Exhibit "A").

11.     Defendant attaches a copy of its Answer filed in State Court as Exhibit "B."

12.     Defendant attaches a copy of Plaintiff's responses to Defendant's State Court Interrogatories as Exhibit "C."

13.     Defendant attaches a copy of Defendant's Notice of Removal that will be filed in the State Court of Fulton County, Georgia marked as Exhibit "D."

14.     Defendant attaches a copy of Plaintiff's pre-suit demand as Exhibit "E."

This 2nd day of June, 2021.

Goodman McGuffey LLP
Attorneys for Family Dollar Stores of Georgia, LLC


By:     __/s/James T. Hankins, III_____

JAMES T. HANKINS, III
GA Bar No.  188771
jhankins@GM-LLP.com
SAMANTHA M. MULLIS
GA Bar No.  365592
smullis@gm-llp.com
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TAMMIE LOWE,

    Plaintiff,

v.

FAMILY DOLLAR STORES OF
GEORGIA, LLC, and XYZ, INC.,

    Defendant.

Civil Action
File No.:

## CERTIFICATE OF SERVICE

This is to certify that I electronically filed this Petition for Removal with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Daniel Shim, Esq.
Morriss, Shim, Davis, LLC
2233 Peachtree Road NE, Suite 212
Atlanta, GA 30309
dan@msdlawgroup.com

Jordan T. Davis, Esq.
Morriss, Shim, Davis, LLC
2233 Peachtree Rd., NE, Suite 212,
Atlanta, Georgia 30309
jordan@msdlawgroup.com

This 2nd day of June, 2021.

_/s/James T. Hankins, III_____ ____
JAMES T. HANKINS, III
GA Bar No.  188771
jhankins@GM-LLP.com
Goodman McGuffey LLP
3340 Peachtree Road NE, Suite 2100
Atlanta, GA 30326-1084
(404) 264-1500 Phone
(404) 264-1737 Fax